OPINION OF THE COURT
Joel B. Gewanter, J.
This case involves a unique issue which may well constitute a matter of first impression. The defendant is charged with ag *973 gravated. harassment in the second degree, a class A misdemeanor, based upon facts which are, in substance, the making of a single telephone call to a former co-worker including a statement which appears to have been threatening to the CEO of the company. Defendant was given an appearance ticket by the police and directed to appear at Arraignment Part B of this court on May 19, 1998. The date of the alleged offense is May 5, 1998.
On May 7, 1998, the Assistant District Attorney (ADA) in Arraignment Part B appeared with the two complaining witnesses (the CEO and the co-worker who received the alleged telephone call in question) and requested this court issue an ex parte order of protection. The undersigned declined to issue such an order of protection.
Upon inquiry in open court, the ADA advised that the basis of such application was/is that upon filing of the accusatory instrument that day (May 7, 1998) and pursuant to a discussion between the ADA and said complaining witnesses, new facts became known to the People which would give rise to similar charges, including additional acts attributable to the defendant. In response to the court’s inquiry, the ADA stated that such new or additional facts would include acts at a time, date and/or place other than those alleged in the accusatory instrument already on file.
The initial question presented to the court is whether or not there is jurisdiction to issue such ex parte order of protection, which is authorized by CPL 530.13 (2) which states: “The court may issue a temporary order of protection under this section ex parte upon the filing of an accusatory instrument and for good cause shown.” It should be noted that no application was made to issue such an order of protection in conjunction with the issuance of a warrant of arrest (see, CPL 530.13 [2]).
The unique question raised is whether subdivision (2) is intended to provide a “blanket” authority or, on the other hand, is it limited to those factual allegations as are set forth within the accusatory instrument then on file? The court resolves such issue within the latter scenario.
Without question, for the said order of protection to be effective and to prohibit the conduct described in such order (be it a simple “do not harass” or a full “stay away”), and in order to charge a defendant with any violation thereof, the defendant must be given notice of said order. That is usually accomplished, in this court, by having the defendant before the Bench, issuing a copy to the defendant personally, and reading aloud the contents thereof for the record.
*974 The court has recommended to the ADA, under the circumstances as presented, that a new complaint/information should be processed; have the police make an arrest on such new charges, if warranted; and bring the defendant before the court for issuance of an order of protection. In this court’s opinion, the result would be just as quick as the ex parte order and service thereof, and defendant would have an opportunity to be heard. Further, the personal delivery of such an order in open court would, in this court’s opinion, be more eifective.
The application for an ex parte order of protection has been denied at this time.